## MAHIKI K. FERREIRA *v.* JOHN FERREIRA.

APPEAL FROM CIRCUIT JUDGE, SECOND CIRCUIT.

SUBMITTED FEBRUARY 9, 1904.    DECIDED FEBRUARY 20, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A trial judge cannot be said to have erred in refusing to determine the amount of temporary alimony to be paid by the husband, libellee, or in denying a motion for such alimony, where the only showing in support of such motion is an averment in the libel that the libellee "is possessed of large property besides enjoying a good salary" and the fact that shortly after the institution of the proceedings the libellee, in consideration of the libellant's agreement to an early hearing on the merits, agreed by written stipulation to pay her the sum of ten dollars per week as temporary alimony.

OPINION OF THE COURT BY PERRY, J.

This is a proceeding for divorce, instituted before the Circuit Judge under the Act of 1903, on June 3 of that year. On June 10 the parties filed a stipulation whereby the libellee agreed to pay forthwith into Court the sum of twenty-two dollars for costs, the sum of ten dollars per week from that date until the final disposition of the case on its merits as temporary alimony and such sum as might be reasonably required to meet the expenses of the libellant's expected confinement, she being then *enceinte,* and whereby it was further agreed that the case be heard on its merits on "June 20, 1903, or as soon thereafter as the Court is at liberty to hear the same". On June 18, the libellee having then paid the amount named for costs and also two weekly installments of alimony, the libellant filed a motion to

the effect that the hearing be continued until at least four weeks after her confinement. Two days later the libellee moved that he be permitted to withdraw from the stipulation above mentioned, on the ground that the libellant had violated its terms by asking for a continuance beyond June 20. After hearing testimony as to the understanding between counsel concerning the time of hearing, the judge denied the libellee's motion, granted that of the libellant and ordered libellee to pay into Court, on the day preceding the hearing, the sum of thirteen dollars for libellant's use for witness fees.

On July 31, libellant filed a motion for an order requiring libellee to pay "a certain definite sum per week for the maintenance and support of your petitioner," *pendente lite,* and other sums for witness fees and other expenses of trial and for expenses of her confinement. At the hearing of the motion, the libellant asked for leave to amend it by adding the words, "This motion is based on all the papers and files on record in this case, to-wit, Ferreira v. Ferreira, Libel for Divorce". The Court disallowed the amendment and dismissed the motion, saying that "when motions for alimony are presented to the Court, they should be based upon affidavits to be filed with the Court, setting forth the financial standing of the libellee, in order that the Court may be guided thereby in setting the amount of the alimony, etc. That has not been done in this case." It is from this order of disallowance and dismissal that the present appeal is taken. The trial on the merits has not been had.

Whether or not the order appealed from is appealable, need not be determined. Assuming that it is, we cannot say that the Circuit Judge erred in making the ruling and order complained of. The error, if any, in the disallowance of the proposed amendment was not prejudicial. If the motion was in fact based solely on the records and could properly be so supported, the failure to so state in the motion itself could not affect the merits of the motion. The latter would, in that event, be granted or refused according to the showing made by the record. There was nothing, however, in the record or otherwise before

the Court tending to show what property the libellee owned or what his income was, other than an averment in the libel that he "is possessed of large property, besides enjoying a good salary as manager of the Bismark Stables at said Wailuku" and the fact that the libellee had by the stipulation of June 10, 1903, agreed to pay ten dollars per week for his wife's support, although, it may be added, the consent to pay as much as the sum named may have been due, as was contended in the lower court, to the agreement of the libellant for an early hearing. No affidavits were filed and no evidence adduced or offered on the subject. While the Court might, perhaps, have been justified upon the slight showing found in the record in awarding a small weekly allowance as alimony, still it cannot be said to have erred in refusing to determine the amount of such allowance in the absence of more satisfactory evidence of the libellee's financial ability. The libellant should have complied with the reasonable suggestion of the trial court that a further showing be made.

The appeal is dismissed.

*Vivas & Bitting* for libellant.

*J. L. Coke* and *D. H. Case* for libellee.

### CONCURRING OPINION OF GALBRAITH, J.

I concur in the judgment of dismissal in the above case for the reason that, in my opinion, the order appealed from was clearly interlocutory and not a final and appealable order under the statute.